**Vishal BERESFORD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 01 CV 5809 NG LB.**

United States District Court, E.D. New York.

Jan. 22, 2004.

Dione M. Enea, Brooklyn, NY, for defendant.

## ORDER

GERSHON, District Judge.

Petitioner is a citizen of Guyana. He was admitted to the United States on June

11, 1989 as a lawful permanent resident. On October 15, 1999, petitioner was convicted of sexual abuse in the second degree and acting in a manner injurious to a child, and sentenced to time served and three years of probation. On July 28, 2000, petitioner was arrested for selling marijuana to an undercover detective, and re-sentenced to nine months imprisonment for violating the terms of his parole. On November 16, 2000, petitioner pleaded guilty to one count of criminal sale of marijuana in the fourth degree and was sentenced to 30 days imprisonment. Following this marijuana conviction, on January 29, 2001, the Immigration and Naturalization Service ("INS") began deportation proceedings against petitioner on the grounds that petitioner was convicted of an aggravated felony and was "convicted of a violation of any law or regulation ... relating to a controlled substance ...", other than a single offense involving possession of one's own use of 30 grams or less of marijuana." On August 1, 2001, petitioner had a hearing before Immigration Judge William Van Wyke ("IJ"), who found petitioner deportable and ordered him removed. Although petitioner reserved his right to appeal the IJ's decision to the BIA at the hearing, he later waived that right in a letter to the IJ,[1] at which time the IJ's decision became final. 8 C.F.R. § 1003.39.

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York on June 15, 2001, arguing that the criminal court never informed him that his conviction could result in deportation, and that the respondent erroneously considered his conviction an aggravated felony, rather than a misdemeanor. On August 25, 2001, the petition was transferred to this court and referred to Magistrate Judge Lois Bloom. By an order dated September 4, 2001, Judge Bloom construed the petition as being brought under both 28 U.S.C. §§ 2254 and 2241.[2] On April 7, 2002, before respondent filed an answer to petitioner's habeas petition, petitioner was deported to Guyana. On September 23, 2003, Judge Bloom issued a Report and Recommendation recommending that the petition be dismissed. No objections were filed to Judge Bloom's Report and Recommendation.[3]

## DISCUSSION

The doctrine of exhaustion of administrative remedies requires that a party seek all possible relief within the deciding agency before he or she may pursue federal judicial review of an agency decision. This doctrine may be statutorily derived or judicially created. The Immigration and Naturalization Act ("INA"), 66 Stat. 163, as amended, 8 U.S.C. § 1101 et seq., provides for judicial review of a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

---

**1.** Petitioner's letter stated, "After considering, I have decided to waive my right to an appeal. I am therefore asking as from now the INS to start processing me for immediate removal." Declaration of Dione M. Enea, exh. 9.

**2.** At the time he filed his petition, petitioner was being detained in an INS facility and was not in the custody of the State of New York. Thus, Judge Bloom correctly found in her Report and Recommendation that the court lacks jurisdiction under § 2254 since petitioner failed to satisfy the statute's "in custody"

requirement. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); Perez v. Greiner, 296 F.3d 123, 125 n. 3 (2d Cir.2002). Accordingly, I will consider only the § 2241 petition.

**3.** It appears that petitioner never received Judge Bloom's Report and Recommendation. The copy that was sent to petitioner was returned as undeliverable on October 16, 2003. Petitioner's address in Guyana is unknown.

Following the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Second Circuit has questioned whether this statutory exhaustion requirement applies to habeas petitioners. *See Beharry v. Ashcroft*, 329 F.3d 51, 60–62 (2d Cir.2003). However, *Beharry* found that, even if the statutory exhaustion requirement does not apply, the judicially created doctrine of exhaustion may be applied to bar an immigration habeas petition when the petitioner has failed to exhaust his administrative remedies. *Id.* at 62.

■■■■ Here, petitioner explicitly waived his right to appeal to the BIA. An alien's waiver of the right to appeal an IJ's decision to the BIA is a failure to exhaust administrative remedies for jurisdictional purposes.[4] *Theodoropoulos v. INS*, 313 F.3d 732, 737 (2d Cir.2002); *see Mejia–Ruiz v. INS*, 51 F.3d 358, 364 (2d Cir. 1995). Thus, because petitioner waived his right to appeal the deportation order to the BIA, he failed to exhaust all available administrative remedies. A district court may not review an adverse administrative determination "until the party has first sought all possible relief within the agency itself." *Beharry v. Ashcroft*, 329 F.3d at 56. Accordingly, his petition must be dismissed for lack of subject matter jurisdiction under the doctrine of exhaustion unless an exception applies. *See Beharry*, 329 F.3d at 63; *Theodoropoulos*, 313 F.3d at 737.

■■■ The INA's exhaustion requirement is absolute by its terms, allowing no exceptions.[5] However, a number of exceptions do apply to the judicially-created exhaustion requirement. Specifically, a petitioner may not be required to exhaust administrative remedies when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry*, 329 F.3d at 62 (citations omitted).

Here, petitioner's failure to exhaust his administrative remedies, by waiving his available administrative appeal, cannot be excused under either the judicially created exhaustion requirement or the statutory exhaustion requirement. *See Beharry*, 329 F.3d at 63. Thus, there is no subject matter jurisdiction to hear petitioner's claim for habeas corpus relief, and the petition is dismissed.

## CONCLUSION

For the reasons stated above, petitioner's petition for habeas corpus is dismissed and the Clerk of Court is directed to close this case. As petitioner has failed to make a substantial showing of the denial of a

---

**4.** As the court noted in *Beharry*, the statutory exhaustion requirement is jurisdictional, while the judge-made exhaustion requirement "may or may not be jurisdictional." *Beharry*, 329 F.3d at 53 n. 1 (citing *Sims v. Apfel*, 530 U.S. 103, 106 n. 1, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000)). However, even if the exhaustion requirement is not jurisdictional, in this case, as in *Beharry*, I find no reason to waive the requirement in order to exercise jurisdiction over petitioner's claim. *See id.*

**5.** *Beharry* notes that there may be a very limited exception to statutory exhaustion requirements, when "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *See Beharry*, 329 F.3d at 57–59 (citing *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Such an exception would not apply here, since the BIA is empowered to hear appeals of an IJ's decision in removal proceedings. 8 C.F.R. § 1003.1(b)(3).

constitutional right, a certificate of appealability is denied.

**SO ORDERED.**