Santos PEREZ, Petitioner–Appellant,

v.

Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.

No. 01–2115.

United States Court of Appeals, Second Circuit.

Argued: Dec. 20, 2001.

Final briefs filed: May 28, 2002.

Decided: July 19, 2002.

Philip R. Schatz, Wrobel Markham & Schatz, New York, NY, for Petitioner–Appellant.

Robert T. Johnson, District Attorney, Bronx County, Bronx, N.Y. (Joseph N. Ferdenzi, Nancy D. Killian, John M. Moreira, Assistant District Attorneys, Bronx County, Bronx, NY, on the brief), for Respondent–Appellee.

Before MESKILL, KEARSE, and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge.

Petitioner Santos Perez appeals from a judgment of the United States District Court for the Southern District of New York denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court held that Perez's petition was procedurally barred, as Perez did not adequately present his legal claims to the New York Court of Appeals and thus failed to satisfy the exhaustion requirement underlying federal habeas corpus review.

The government argues on appeal that petitioner's habeas petition is moot, because after the notice of appeal was filed in this court Perez was deported to the Dominican Republic by the Immigration and Naturalization Service ("INS").

## BACKGROUND

Santos Perez was convicted on April 4, 1995, in New York State Supreme Court, Bronx County, of Robbery in the Second Degree. N.Y. Penal L. § 160.10(1). He was sentenced, as a second felony offender, to a term of imprisonment of seven and one-half to fifteen years. Perez had been previously convicted of Attempted Criminal Sale of a Controlled Substance in the Third Degree. N.Y. Penal L. §§ 110, 220.39(1).

On appeal to the Appellate Division, Perez raised eight claims challenging his conviction and sentence. On March 16, 1999, the Appellate Division held that, be-cause Perez had not yet been sentenced for the prior offense when he committed the robbery, the trial court had erred in adjudicating Perez to be a second felony offender, and ordered that Perez's sentence be modified accordingly.[1] Perez's remaining claims were rejected in their entirety, and his conviction and modified sentence were unanimously affirmed. On March 26, 1999, Perez's attorney wrote to Chief Judge Judith Kaye of the New York State Court of Appeals requesting leave for permission to appeal to the Court of Appeals. The letter and accompanying application contained no substantive discussion of the issues on appeal but merely "enter[ed] copies of the briefs filed in the Appellate Division and [the Appellate Division's] order and opinion." Permission to appeal was denied.

Subsequently, Perez filed in district court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he restated nearly verbatim the headings of the first three points made in his Appellate Division brief. In an order entered January 24, 2001, District Judge William H. Pauley III denied Perez's petition. The court held that the letter and application from Perez's counsel to the New York Court of Appeals requesting leave to appeal, which did not discuss particular legal claims but merely enclosed copies of the briefs filed before the Appellate Division, did not fairly present such claims to the New York Court of Appeals. The petition was therefore deemed "unexhausted and procedurally barred."[2]

---

1. Under N.Y. Penal L. § 70.06(1)(b)(ii), which defines "second felony offender," "[s]entence upon such prior conviction must have been imposed before commission of the present felony."

2. A petition is unexhausted only if the petitioner can still receive the relief he seeks from the state system. 28 U.S.C. § 2254(c). At the point when he brought his federal claim, Perez no longer had the option of proceeding in state court, since only one petition is allowed under New York rules, *see* N.Y. Comp.Codes R. & Regs. tit. 22, § 500.10(a), and the time to file a petition had expired, *see* N.Y.Crim. Proc. § 460.10(5)(a). Thus it was clearly

Petitioner timely filed a notice of appeal to this Court on January 30, 2001. The INS issued a warrant of removal/deportation against Perez on February 24, 2001. The basis for the warrant was Perez's illegal entry (entry without inspection) into the United States in 1989. By a scheduling order dated March 13, 2001, this Court appointed counsel to represent Perez on the appeal. Perez was released from Sing Sing into the hands of the INS, and deported to the Dominican Republic, on or about March 30, 2001. Defense counsel has never been able to communicate with Perez concerning this appeal.

## DISCUSSION

### I.

The government argues that because Perez has been deported to the Dominican Republic, his petition should be dismissed as moot. According to the government, the fact that Perez was deported means that his petition no longer presents a case or controversy under Article III, Section 2, of the United States Constitution. *See* U.S. Const. art. III, § 2.

■ The Supreme Court has held that a habeas petition challenging a criminal conviction is not necessarily mooted when the

proper to deem his claims exhausted for purposes of federal habeas review.

3. Since petitioner was incarcerated in New York when he filed his petition on or about November 5, 1999, he fulfills the "in custody" requirement of 28 U.S.C. § 2254. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (holding that the "in custody" provision only requires that the petitioner be in custody at the time the petition is filed).

4. The government urges this court not to apply the *Sibron* presumption in this case, citing *Spencer v. Kemna*, 523 U.S. 1, 14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), in which the Supreme Court held that the *Sibron* presumption does not apply to cases in which the

petitioner is released from prison,[3] as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist. *See, e.g., Pollard v. United States*, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Indeed, in *Sibron v. New York*, 392 U.S. 40, 54–56, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), the Court, citing various collateral consequences such as deportation, inability to become a citizen, impeachment evidence in future criminal trials, and increased future sentences, asserted a *presumption* that collateral consequences attach to criminal convictions post-release. After *Sibron*, a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.* at 57, 88 S.Ct. 1889.[4]

■ We find that there is no material possibility that Perez will suffer collateral consequences on the basis of the challenged conviction. Perez was ordered removed, under 8 U.S.C. § 1231, for entering the United States without inspection. Thus, for a ten-year period he cannot reenter the United States, *see* 8 U.S.C.

petitioner challenges the legality of a parole revocation. Perez is not challenging a parole revocation, however, and the Court in *Spencer* did not alter the *Sibron* presumption, it simply declined to expand its scope. Until and unless the Supreme Court itself overrules or limits *Sibron*, we are bound to follow it. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (holding that where a Supreme Court precedent appears to have been reversed by implication, lower courts should continue to follow the case that directly controls, and " 'leav[e] to [the Supreme] Court the prerogative of overruling its own decisions' " (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)).

§ 1182(a)(9)(A)(ii)(I), without permission from the United States Attorney General, *see id.* subsection (iii). In the absence of any other impediment, Perez could return to the United States after that ten-year period. If, instead, the present conviction for robbery in the second degree stands, Perez will be barred from ever reentering the United States without permission of the United States Attorney General. *See* 8 U.S.C. § 1182(a)(9)(A)(ii)-(iii).[5] Such a barrier to reentry clearly would suffice to prevent Perez's habeas petition from being mooted. *See, e.g., Tapia Garcia v. INS,* 237 F.3d 1216, 1218 (10th Cir.2001) (alien's "inability to reenter and reside legally in the United States with his family is a collateral consequence of his deportation because it is clearly a concrete disadvantage imposed as a matter of law"); *Steele v. Blackman,* 236 F.3d 130, 135 n. 4. (3d Cir.2001) ("Erroneous conviction of an aggravated felony will have several continuing and serious legal consequences for [alien], including serving as a permanent bar preventing his return to the United States to visit his family.").

Entering without inspection and the currently challenged robbery conviction are not the full extent of Perez's record, however. He has also been convicted for Attempted Criminal Sale of a Controlled Substance in the Third Degree, and this conviction renders him permanently inadmissible to the United States. *See* 8

U.S.C. § 1182(a)(2)(A)(i)(II) (with certain exceptions that do not here apply, an "alien convicted of ... a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance ... is inadmissible"). Because Perez is permanently barred from this country on a wholly separate ground, the currently challenged robbery conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence. *Cf. United States v. Mercurris,* 192 F.3d 290, 294–95 (2d Cir.1999) (holding, in a case in which the *Sibron* presumption did not apply, that because the appellant was already inadmissible based on the wholly independent ground of having been convicted of a controlled substance offense, the district court's determination that he had committed an aggravated felony did not itself result in the collateral consequence of inadmissibility).[6]

In sum, because Perez is permanently inadmissible to· this country due to his prior drug conviction, collateral consequences cannot arise from the challenged robbery conviction, and the petition is moot.

The petition being moot, we need not, and indeed cannot, consider whether the district court erred in finding Perez's petition procedurally defaulted. We therefore

---

**5.** Robbery in the second degree is an "aggravated felony," 8 U.S.C. § 1101(a)(43)(G) ("aggravated felony" includes a theft or burglary offense for which the term of imprisonment is at least one year).

**6.** Admittedly Perez could be subject to consequences of his currently challenged conviction if he illegally reentered the country. We do not believe that the possibility of this kind of future illegal action suffices to negate mootness. It is true that of the collateral consequences listed in *Sibron* as sufficient to avoid mootness, some, for example impeach-

ment in future criminal trials and increased future sentences, would come into play only if the petitioner committed a new crime. There is, however, a difference between the possibility of a (perhaps minor or even unintended) future crime by someone in the United States and the criminal reentry into the United States of someone excluded for life. *Sibron* did not contemplate the latter, and we see no reason to stretch *Sibron* beyond its own terms. *Cf. Spencer,* 523 U.S. at 14, 118 S.Ct. 978 (declining to expand *Sibron* to parole revocation situations).

DISMISS the appeal, VACATE the lower court judgment, and REMAND with instructions to dismiss the petition as moot.[7]

---

**7.** *See Russman v. Bd. of Educ.,* 260 F.3d 114, 121–23 (2d Cir.2001) (holding that whether the Court of Appeals will vacate the lower court judgment after a case is mooted on appeal, or simply dismiss the appeal, depends on the equities of the case, and noting that absent a showing that the equities preponderate against vacatur, we will vacate and remand).