**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2442
_____

MARIO ABREU,
Appellant

v.

SUPERINTENDENT SMITHFIELD SCI;
PA STATE ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:15-cv-01465)
District Judge:  Sylvia H. Rambo
_____

Argued:  February 5, 2020
_____

Before:  CHAGARES, RESTREPO, and BIBAS, <u>Circuit
Judges</u>

(Filed:  August 19, 2020)

Diana Stavroulakis **[ARGUED]**
262 Elm Court
Pittsburgh, PA 15237

     Counsel for Appellant

Hugh J. Burns, Jr. **[ARGUED]**
Office of Attorney General of Pennsylvania
1600 Arch Street
Suite 300
Philadelphia, PA 19103

Philip M. McCarthy
Office of Attorney General of Pennsylvania
Appeals & Legal Services
Strawberry Square
16th Floor
Harrisburg, PA 17120

     Counsel for Appellees

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit Judge</u>.

Mario Abreu appeals from the District Court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Commonwealth of Pennsylvania ("Commonwealth") argues on appeal that Abreu's habeas petition is moot because after the notice of appeal was filed in

2

this Court, federal authorities removed Abreu to the Dominican Republic, and a federal conviction not at issue here permanently bars Abreu's reentry to the United States. For the following reasons, we will vacate and remand with instructions to dismiss the petition as moot.

I.

In April of 2004, Abreu was charged by the Commonwealth with twenty-two drug-related counts, which alleged that he sold cocaine, marijuana, and ecstasy in Northumberland, Snyder, and surrounding counties. After a five-day trial, a jury found Abreu guilty on all counts, and he was sentenced to an aggregate term of twenty-seven to fifty-four years of imprisonment. The court ordered that sentence to run consecutively to a federal sentence Abreu was currently serving after a 2003 arrest. Abreu appealed, and the Superior Court of Pennsylvania affirmed. Abreu did not appeal that ruling.

Abreu later sought relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), also to no avail. Then, on July 29, 2015, Abreu filed a habeas petition under 28 U.S.C. § 2254 in the District Court. Abreu alleged that his PCRA counsel's assistance was ineffective in failing to assert that his trial counsel had rendered ineffective assistance. The Magistrate Judge recommended that the District Court deny Abreu's habeas petition because his claims were "barred by the doctrine of procedural default," and he "has not established cause and prejudice sufficient to overcome this default" because his claims "are without merit." Appendix ("App.") 35–36. The District Court adopted this recommendation in its entirety.

Abreu timely appealed, and we granted a certificate of appealability ("COA") "as to [Abreu's] claim that trial counsel performed ineffectively by failing to challenge the admission of . . . grand jury testimony." App. 2. We later expanded the COA to include Abreu's claim that "trial counsel performed ineffectively by failing to seek to strike testimony from [a police officer] recounting statements made by [other individuals]." App. 4.

While Abreu's appeal was pending in this Court, however, he was removed from the United States. On May 9, 2019, the Pennsylvania Board of Probation and Parole granted Abreu's application for early parole under 61 Pa. Cons. Stat. § 6143, which allows for the early parole of inmates subject to a federal removal order. Abreu was released to the custody of U.S. Immigration and Customs Enforcement, and then removed to the Dominican Republic in June 2019.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254, and Abreu claims that we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. As always, though, "we must satisfy ourselves that we have jurisdiction." Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012). And our standard of review concerning questions of our own jurisdiction, including whether a claim has been rendered moot, is plenary. See Papotto v. Hartford Life & Accident Ins., 731 F.3d 265, 269 (3d Cir. 2013).

III.

Abreu appeals the District Court's denial of a writ of habeas corpus, but we can only review that order if there is a live case or controversy under Article III of the United States Constitution. So, we address that threshold question.

The Commonwealth contends that because Abreu has been removed, his habeas petition must be dismissed as moot. It argues that regardless of whether Abreu obtains habeas relief from his state court conviction — the conviction at issue in his petition — he is barred permanently from reentering the United States because of his 2003 federal heroin trafficking conviction under 21 U.S.C. § 846, which Abreu does not challenge in this appeal. Abreu, on the other hand, claims that his habeas petition is not moot despite his removal to the Dominican Republic. Specifically, Abreu contends that because he continues to suffer collateral consequences from the state conviction at issue in his underlying petition, his appeal still presents a live controversy. We agree with the Commonwealth.

"Article III of the Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2). For a case or controversy to exist, a petitioner, throughout each stage of the litigation, "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). As a result, a habeas corpus petition generally becomes moot when a prisoner is released

5

from custody because the petitioner has received the relief sought.  See id. at 441.

Nevertheless, a habeas petitioner who has been released may obtain judicial review of a petition by showing that he continues to suffer from secondary or collateral consequences of his conviction.  See Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (explaining that a habeas petitioner who is no longer in custody must demonstrate a "concrete and continuing injury" that is a "collateral consequence" of the conviction to satisfy the case-or-controversy requirement).  But once a petitioner has been released, we do not presume that a conviction carries collateral consequences.  See Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009).  Rather, as the Supreme Court has instructed, we must "address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong."  Id. (citing Spencer, 523 U.S. at 14–16; Lewis, 494 U.S. at 477–78).  It is not enough if "collateral consequences proffered by the petitioner" amount to "a possibility rather than a certainty or even a probability."  Id. (quoting Spencer, 523 U.S. at 14–16).

Abreu points to several possible collateral consequences from his state conviction, which he argues cause a continuing injury sufficient to save his petition from mootness.  Abreu contends first that his state conviction, as it stands, prevents him from applying for reentry into the United States under 8 U.S.C. § 1182(a)(2), which renders inadmissible aliens convicted of certain crimes.  And, Abreu posits, if he reenters, he will have to serve out the maximum balance of his state sentence, and he will be subject to further prosecution under 8 U.S.C. § 1326, which prohibits the unauthorized

reentry of removed aliens. As explained below, however, none of these proposed collateral consequences are sufficient to avoid a mootness determination under these circumstances, where Abreu has a federal conviction that separately bars him from reentering the United States and is not challenged in this appeal.

## A.

Abreu asserts that because he has been removed, his state conviction prevents him from applying for reentry into the United States. We are not convinced.

This Court has previously determined that a habeas petition is not moot simply because the petitioner has been removed. See Chong, 264 F.3d at 385–86; Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). As we have explained, "[w]here a petition for a writ of habeas corpus is filed and subsequently the petitioner is released from custody, habeas corpus jurisdiction may be sustained where serious collateral consequences flow from the conviction." Steele, 236 F.3d at 134 n.4. In concluding that the petitions in Steele and Chong were not moot, we determined that the petitioners had alleged facts sufficient to show continuing injuries and serious collateral consequences because their convictions prevented their reentry to the United States. See Chong, 264 F.3d at 386 ("[W]e hold that [the petitioner's] inability to reenter the United States for ten years after her deportation is a sufficient collateral consequence stemming from the Board's order of removal to render [the] petition justiciable under Article III, § 2."); Steele, 236 F.3d at 134 n.4 ("Erroneous conviction of an aggravated felony will have several continuing and serious legal consequences for [an alien], including serving as a

7

permanent bar preventing his return to the United States to visit his family."). And this is for good reason: removal or deportation has long been recognized as a particularly severe penalty. See, e.g., Bridges v. Wixon, 326 U.S. 135, 147 (1945) ("[D]eportation may result in the loss of all that makes life worth living." (quotation marks omitted)).

But we hold today that there is an exception to this general rule. A habeas petition does not continue to present a live controversy once the petitioner has been removed if the grounds for habeas relief will not redress the collateral consequences complained of by the petitioner. That is the case we are presented with here. Although Abreu claims he is similarly situated to the petitioners in Steele and Chong because his state conviction prevents his reentry into the United States, this argument ignores a key difference: Abreu's criminal history. He, unlike the petitioners in Steele and Chong, is also barred from reentry based on a different conviction that separately renders him inadmissible under federal law. See 8 U.S.C. § 1182(a)(2)(C)(i) ("Any alien who . . . is or has been an illicit trafficker in any controlled substance . . . or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance . . . is inadmissible."); see also 21 U.S.C. § 812(c) (identifying heroin as a Schedule I controlled substance under subsection (b)(10)). Thus, Abreu cannot reenter the United States because of his federal conviction, wholly apart from his state conviction, and the relief he currently seeks will do nothing to change this fact.

Our analysis accords with that by the Court of Appeals for the Second Circuit in a factually similar case. See Perez v. Greiner, 296 F.3d 123 (2d Cir. 2002). In Perez, a habeas

8

petitioner challenged his state robbery conviction. He appealed the denial of his habeas petition, but he was removed to the Dominican Republic while his appeal was pending. The government argued that Perez's deportation made his petition moot because he previously had been convicted of a separate, drug-related offense that "render[ed] him permanently inadmissible to the United States." Id. at 126.

The Court of Appeals for the Second Circuit agreed, holding that "[b]ecause Perez is permanently barred from this country on a wholly separate ground, the currently challenged robbery conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." Id. It held that the habeas petition was, therefore, moot "because Perez is permanently inadmissible to this country due to his prior drug conviction, [so] collateral consequences cannot arise from the challenged robbery conviction." Id.; cf. Pola v. United States, 778 F.3d 525, 530 n.3 (6th Cir. 2015) (noting in dicta that "[i]f [petitioner] were permanently inadmissible to the United States based on 'a wholly separate' prior criminal conviction, then we might evaluate mootness considerations differently").

The same is true here. In 2003, Abreu was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute one kilogram or more of heroin. This federal drug trafficking conviction permanently prevents Abreu from returning to the United States, regardless of the validity of Abreu's state conviction at issue in his habeas petition. See 8 U.S.C. § 1182(a)(2)(C)(i); 21 U.S.C. § 812(c).

Abreu does not contest this conclusion. Instead, he attempts to invert the applicable standard, arguing that he is "only required to identify a continuing harm that <u>may</u> be alleviated by the outcome of the appeal." Abreu Letter 2 (Mar. 10, 2020) (emphasis added). But "the Supreme Court has disapproved of [a] broad presumption of collateral consequences without specific findings of injury-in-fact." <u>Steele</u>, 236 F.3d at 134 n.4 (citing <u>Spencer</u>, 523 U.S. at 7–17). And the fact remains that, due to the existence of Abreu's federal drug trafficking conviction, no matter how we resolve the instant appeal, that resolution will not alter his admissibility status and thus will not alleviate his inability to apply for reentry.[1] <u>Cf.</u> <u>Pollard v. United States</u>, 352 U.S. 354, 358 (1957) (explaining that "review in this Court will be allowed only where its judgment will have some material effect"); <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698–99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

---

[1] Abreu relies on <u>United States v. Sandoval-Enrique</u>, 870 F.3d 1207 (10th Cir. 2017), to argue that his appeal is not moot. In that case, the Court of Appeals for the Tenth Circuit held that a petitioner's challenge to his conviction was not moot even though he had been removed and had prior convictions not at issue in his appeal. That case, however, is distinguishable from this one because in <u>Sandoval-Enrique</u>, the petitioner's prior convictions only barred him from seeking reentry to the United States for twenty years. Here, by contrast, Abreu's federal conviction permanently bars him from reentering this country.

B.

Nor are we persuaded by Abreu's argument that he suffers from fear that reentry would cause him to serve the maximum remaining balance of his state sentence and would subject him to federal prosecution for illegal reentry. These are not valid collateral consequences: due to his federal conviction, Abreu's reentry to the United States would be a new crime. See 8 U.S.C. § 1326(a) (providing that a removed alien who "enters, attempts to enter, or is at any time found in, the United States" without authorization commits a federal offense). And collateral consequences that depend on an individual committing a crime cannot "breathe life" into a mooted controversy. United States v. Kissinger, 309 F.3d 179, 182 (3d Cir. 2002); see also Chong, 264 F.3d at 385 (rejecting petitioner's argument that "possible prosecution for felonious entry" into the United States "creates sufficient collateral consequences," and granting relief on other grounds).

\*      \*      \*

So, even if we were to rule in Abreu's favor on his state conviction, he would not be able to reenter the United States because our decision would not impact Abreu's federal conviction. And this means that Abreu cannot show "an actual injury . . . likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477; see also Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on

11

the petition.").[2]  Without a collateral consequence of Abreu's state conviction that can be redressed by a favorable decision on his petition, there is no case or controversy under Article III, and the petition is moot.

## IV.

For the foregoing reasons, we will vacate the District Court's order denying the petition and remand this case to the District Court with instructions to dismiss the petition as moot.

---

[2]  Of course, our holding today does not apply to cases where a removed petitioner's return to the United States is barred by the same conviction or convictions challenged in the habeas proceeding, which may establish a live controversy under Article III.  See, e.g., Pola, 778 F.3d at 531 (holding that a habeas petition was not moot despite petitioner's removal because he was inadmissible to the United States due to the conviction challenged in his habeas petition); Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004) (holding that a petition for review was not moot, even though petitioner had been removed, because "[a]n important collateral consequence of our decision in this case . . . is whether [petitioner] will be permanently inadmissible to the United States"); Leitao v. Reno, 311 F.3d 453, 456 (1st Cir. 2002) (explaining that "the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner").