BLD-015                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1883
_____

DANIEL G. BROWN,
                                        Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-20-cv-000119)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020

Before:  AMBRO, SHWARTZ, and PORTER, <u>Circuit Judges</u>

(Opinion filed October 27, 2020)

_____

OPINION[*]
_____

PER CURIAM

Daniel G. Brown is a citizen of Jamaica whose removal to that country was ordered in 1997. See Brown v. Att'y Gen., 792 F. App'x 211, 212 (3d Cir. 2019). In 2019, following a series of Brown's removals and illegal reentries, the Government took him into custody pursuant to 8 U.S.C. § 1231(a) in order to execute his order of removal once again. Brown challenged his detention by filing a habeas petition under 28 U.S.C. § 2241. He argued that his detention was illegal because his removal was not reasonably foreseeable, and he requested immediate release. He did not raise any challenge to, or anything bearing on, the order of removal itself. While Brown's petition was pending, he filed a motion seeking immediate release on the basis of COVID-19 as well. The District Court denied Brown's petition and his motion on the merits.

Brown appeals. On September 10, 2020, while this appeal was pending, the Government removed Brown to Jamaica.[1] On that basis, the Government has filed a motion to dismiss this appeal as moot. Brown has not responded to that motion, and we

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Brown did not ask us to stay his removal. Brown requested a stay of removal in connection with his most recent immigration-related petition for review at C.A. No. 18-1370, but we denied that request and later denied in part and dismissed in part his petition for review. See Brown, 792 F. App'x at 214.

2

agree that Brown's removal moots his requests for release from custody. See Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 405-06, 408-09 (3d Cir. 2020); cf. Osorio-Martinez v. Att'y Gen., 893 F.3d 153, 161 n.6 (3d Cir. 2018) (holding that noncitizens' release from immigration detention did not moot their habeas petition where, unlike here, the petition also challenged the legality of their removal); Diop v. ICE/Homeland Sec., 656 F.3d 221, 227-28 (3d Cir. 2011) (holding that noncitizen's release from pre-removal-order custody under 8 U.S.C. § 1226(c) did not moot his habeas petition where, unlike here, there was a non-speculative possibility that the petitioner could be subject to the complained-of detention again), abrogated in part on other grounds by Jennings v. Rodriguez, 138 S. Ct. 830 (2018).

Rather than dismiss this appeal, however, we will follow the usual practice in this situation of vacating the order under review. See United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). Thus, we will vacate the District Court's order on the merits and will remand for the District Court to dismiss Brown's requests for relief as moot. See Abreu, 971 F.3d at 409. The Government's motion to dismiss this appeal is denied as presented. Brown's motion to transfer this appeal to another Court of Appeals is denied.