NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-1817

———————

ZENGKUI LI,
                              Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
DIRECTOR NEW YORK FIELD OFFICE IMMIGRATION AND CUSTOMS
ENFORCEMENT; WARDEN HUDSON COUNTY CORRECTIONAL FACILITY

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-14350)
District Judge: Honorable Brian R. Martinotti

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 16, 2020

Before: AMBRO, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 17, 2021)

———————

OPINION[*]

———————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Appellant Zengkui Li appeals the District Court's denial of his petition for habeas corpus. Because Li was released from detention while this appeal was pending, his petition is moot.

Counsel for both parties agree that Li was released from immigration detention on July 31, 2020.[1] We can only review Li's case if there is a live case or controversy under Article III of the United States Constitution, which requires that the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (citation omitted). As a result, "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody." *Id.* at 441 (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)). One exception is where secondary or collateral injuries survive after resolution of the primary injury, but, in case of a habeas petition, "once a petitioner has been released, we do not presume . . . collateral consequences." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (citation omitted). Here, any ongoing injuries flow from the final order of removal. Li can still pursue the remaining claims in his petition for review of that order, which is pending before the Second Circuit, *Li v. Barr*, Case No. 20-301. *See Tazu v.*

---

[1] Li filed his opening brief on July 16, 2020. When the Government filed its response brief on August 31, 2020, it claimed that Li was released on July 31, 2020. Li did not file a reply brief. On September 28, 2020, Li's counsel filed a motion to withdraw, explaining that she has been unable to reach Li following his release from detention. The parties have not fully explained the circumstances and conditions of Li's release.

*Att'y Gen. of the U.S.*, 975 F.3d 292, 300 (3d Cir. Sept. 14, 2020). Li has already achieved the result he seeks in his habeas petition, and we cannot grant him any further relief.

Accordingly, we vacate the District Court's order denying Li's petition for a writ of habeas corpus and remand this case to the District Court with instructions to dismiss the petition as moot.