**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2281
_____

ATIF B. MALIK,
                    Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-22-cv-00059)
Magistrate Judge:  Honorable Patricia L. Dodge (sitting by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: August 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Atif Malik appeals the Magistrate Judge's order dismissing his petition filed

pursuant to 28 U.S.C. § 2241 as moot.  For the reasons that follow, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The procedural history of this case and the details of Malik's claims are well known to the parties and need not be discussed at length. Briefly, in April 2022, Malik, who was a federal prisoner at the time, filed a petition pursuant to 28 U.S.C. § 2241. He argued that the Bureau of Prisons (BOP) had refused to allocate his Earned Time Credits, discussed below, towards placing him into prerelease custody. In April 2023, Malik informed the District Court that he had been transferred to prerelease custody. He contended, however, that he had 370 days of time credits and would be in prerelease custody for only 210 days. He asked "if there is anything the Court can do to facilitate the application of [his] credits." ECF #21. He also asked to receive $2500 a day for the extra time he believed he had spent in prison instead of prerelease custody. See ECF #20. The Magistrate Judge, sitting as the District Court by consent, ordered the parties to address whether the § 2241 petition was moot because Malik had been released to prerelease custody. In response, Malik argued that any remaining time credits "should be allocated towards 'time in supervised release,'" and requested as relief an earlier transfer from prerelease custody to supervised release. ECF #27 at 3-4. The Magistrate Judge dismissed the petition as moot and noted that damages were not available in habeas proceedings.[1] Malik filed a timely notice of appeal. Malik has since been released from custody and is on supervised release.

---

[1] Malik does not challenge the Magistrate Judge's conclusion that damages are not available in a habeas proceeding. See United States v. Doe, 810 F.3d 132, 149 (3d Cir. 2015); see also Spencer v. Kemna, 523 U.S. 1, 17 (1998) (rejecting the argument that a speculative future monetary damages claim is relevant when determining if a habeas claim is moot).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the dismissal of the petition de novo. See Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 405 (3d Cir. 2020). The First Step Act provides that federal prisoners can earn time credits for completing recidivism reduction programming. 18 U.S.C. § 3632(d)(4)(A). Pursuant to § 3632(d)(4)(C), time credits "shall be applied toward time in prerelease custody or supervised release." That subsection then states that "the Director of the [BOP] shall transfer eligible prisoners . . . into prerelease custody or supervised release." Id. Section 3624(g) provides that "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). Thus, the time credits may be used to transfer a prisoner into prerelease custody earlier than he otherwise would be and to release the prisoner to supervised release up to 12 months earlier than he would be.

Because Malik had been released to prerelease custody, his request for release to such custody was moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Regardless of whether his request for an earlier transfer to supervised release was moot at the time of the Magistrate Judge's order or simply meritless because he had already received the maximum credit allowed towards an earlier release from custody to supervised release, see § 3624(g)(3), such a request is moot now that Malik is on supervised release.

3

On appeal, Malik argues that his petition is not moot because any remaining, unused credits should be deducted from the time he must serve on supervised release. He suggests that the language "shall be applied toward time in prerelease custody or supervised release" requires this result. See § 3632(d)(4)(C). The Government argues that Malik forfeited this argument because he did not raise it before the District Court. We agree. He admits in his reply brief that he did not raise this argument but argues that he has been claiming his right to use the credits throughout the litigation and had no way of knowing "how [the Government] would violate the law." Reply Br. at 2. However, once he was released to prerelease custody and his date for release to supervised release was set using the maximum 12 months of time credits, it was clear that any remaining credits would be unused.

We will consider an issue that was not raised in the District Court only in exceptional circumstances. See United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries, 150 F.3d 329, 335 (3d Cir. 1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal."). Malik has not articulated any exceptional circumstances. Thus, we need not reach the issue of whether unused earned time credits may be applied to reduce a defendant's time on supervised release.

For the above reasons, we will affirm the Magistrate Judge's order. Malik's motion to file a supplemental brief is granted, and the brief has been considered.