25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jessie RICHARDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6193.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Jessie Richardson, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Richardson pleaded guilty to possessing cocaine with the intent to distribute and to possessing an unregistered firearm. Richardson was sentenced to fifty-two months of imprisonment plus three years of supervised release. Richardson did not appeal his sentence.
 
 
 3
 Richardson then filed a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 contending that his conviction was based on evidence obtained through an illegal search warrant. Richardson also argued that his attorney was ineffective for failing to file objections to a magistrate judge's recommendation to deny Richardson's motion to suppress; for failing to file a motion to dismiss the case under the Petite [v. United States, 361 U.S. 529 (1960) (per curiam) ] policy; and for failing to seek dismissal of the indictment as defective because the indictment was not signed by the United States Attorney and the grand jury foreman. The district court denied the motion as meritless.
 
 
 4
 In his timely appeal, Richardson raises his Fourth Amendment argument and contends that his attorney was ineffective for failing to file objections to the magistrate judge's report. He also argues for the first time on appeal that the trial court lacked jurisdiction to try his case and that his attorney was ineffective for not appealing his sentence and for not obtaining a two-level reduction in his base offense level for sentencing. Finally, Richardson contends that the district court erred by not conducting an evidentiary hearing on his motion to vacate. He requests leave to proceed in forma pauperis.
 
 
 5
 Initially, we note that Richardson has not raised before us his arguments concerning the Petite doctrine or his indictment. As these issues were not raised on appeal, they are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 6
 Richardson did not raise in the district court his arguments that: 1) the district court lacked jurisdiction to try his case; and 2) his counsel was ineffective due to counsel's failure to appeal Richardson's sentence to this court and to seek a two-level reduction in Richardson's base offense level for sentencing. Unless exceptional circumstances are present, the court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Richardson has not explained why these issues were not presented to the district court, and no exceptional circumstances are present to warrant addressing the issues. Accordingly, the jurisdiction argument and ineffective counsel arguments concerning the appeal and offense level are not reviewable.
 
 
 7
 Upon review, we affirm the district court's judgment because Richardson has failed to establish the denial of a substantive right or defect in the proceedings that is inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Richardson may not challenge the search warrant in a Sec. 2255 motion because such a challenge could have been addressed in a direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam); United States v. Serpa, 930 F.2d 639, 640 (8th Cir.1991) (per curiam). Furthermore, to invoke collateral review, Richardson must show cause to excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he alleges. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Richardson has not provided the court with any explanation to excuse his failure to raise the issue in a direct appeal, nor has he shown any actual prejudice from the alleged error.
 
 
 9
 Concerning the second issue properly raised by Richardson, he has not stated a valid ineffective assistance of counsel claim because Richardson has not shown that, but for the attorney's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). Finally, the district court was not required to conduct a hearing on Richardson's motion because the files and records of the case conclusively showed that Richardson was not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 10
 Accordingly, we deny the request for pauper status as moot and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.