NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0326n.06

No. 09-4362

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 26, 2012*

LEONARD GREEN, Clerk

STANLEY CORNELL,                )
                                )
    Petitioner-Appellant,       )
                                )
v.                              )
                                )
UNITED STATES OF AMERICA,        )
                                )
    Respondent-Appellee.        )

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

BEFORE:  MARTIN and McKEAGUE, Circuit Judges; CALDWELL, District Judge.[*]

PER CURIAM.  Stanley Cornell appeals a district court order denying his motion to vacate his sentence filed pursuant 28 U.S.C. § 2255.

A jury found Cornell guilty of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a) and knowingly using a communication facility to facilitate acts constituting a felony, in violation of 21 U.S.C. § 843(b).  He was also convicted of violating 21 U.S.C. § 841(a)(1) for possession and distribution of cocaine.  The district court sentenced Cornell to an effective term of life in prison.  We affirmed the district court's judgment on appeal.  *United States v. Cornell*, 162 F. App'x 404, 419 (6th Cir. 2006).  The Supreme Court denied Cornell's petition for a writ of certiorari.  *Cornell v. United States*, 549 U.S. 828 (2006).

In 2007, Cornell filed his motion to vacate, asserting that the prosecutor committed misconduct by presenting the perjured testimony of Special Agent John Clayton.  He stated that his

---

[*] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

trial counsel rendered ineffective assistance by failing to discover that Clayton gave false testimony before the grand jury and by failing to impeach Clayton during trial with Clayton's prior inconsistent statements. Cornell subsequently moved to add additional claims to his motion to vacate. Cornell alleged that the prosecutor committed misconduct by presenting the perjured testimony of Drug Enforcement Administration Agent Lee Lucas. Cornell asserted that his trial counsel was ineffective by failing to properly investigate Lucas's background and to impeach Lucas during trial. Cornell moved for leave to conduct discovery, seeking, among other things, documents concerning Lucas's actions in his and other cases.

A magistrate judge recommended denying Cornell's motion to add claims regarding Lucas and denying as moot Cornell's motion for discovery to the extent it sought materials concerning Lucas. The magistrate judge further recommended denying the motion to vacate. Over Cornell's objections, the district court adopted the magistrate judge's recommendation, denied the motion to vacate, and declined to issue a certificate of appealability. In response to Cornell's motion for reconsideration, the district court vacated in part its prior denial of a certificate of appealability. The court granted a certificate of appealability as to its denial of Cornell's motion for discovery, his claims concerning Lucas, and his claim of ineffective assistance of counsel. We declined to expand the certificate of appealability.

On appeal, Cornell argues that: 1) the district court erred by denying him the opportunity to conduct discovery relating to Lucas; 2) his counsel rendered ineffective assistance by failing to properly investigate Lucas's background and to impeach him at trial; and 3) the prosecutor committed misconduct by presenting Lucas's perjured testimony and by withholding impeachment evidence concerning Lucas.

When reviewing the denial of a section 2255 motion, we review legal issues de novo and uphold factual findings unless they are clearly erroneous. *Adams v. United States*, 622 F.3d 608, 610-11 (6th Cir. 2010). We review the district court's denial of discovery for an abuse of discretion. *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009).

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause. Good cause is established "'where specific allegations . . . show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate'" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).

We find that the district court abused its discretion in denying Cornell the opportunity to conduct discovery relating to Agent Lucas. Our review of the record indicates that although Cornell has not alleged specific facts tending to show that Lucas engaged in wrongdoing in this case, he has identified a notorious history of misconduct by Lucas that gives us pause. *See United States v. Henderson*, No. 1:07-CR-68, 2010 WL 3075079, at *2 (N.D. Ohio 2010 ). This history provides reason to believe that Cornell *may* be able to demonstrate entitlement to relief if the facts are fully developed.

Therefore, the district court's order is vacated only insofar as it denies Cornell's motion to supplement or amend his § 2255 motion and denies Cornell's motion to permit discovery. On remand, the district court is instructed to (a) allow Cornell to engage in limited discovery relating to Lucas's participation in the investigation and prosecution of the charges against Cornell; and (b) reconsider the motion to supplement or amend the § 2255 motion in light of the fruit of the discovery permitted.