*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0202p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

RONNIE TRAVIS RAY,

               *Petitioner-Appellant,*

     *v.*

                  No. 11-6436

UNITED STATES OF AMERICA,

               *Respondent-Appellee.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 2:04-cr-20019-1; 2:09-cv-2326—Jon Phipps McCalla, Chief District Judge.

Decided and Filed: August 1, 2013

Before: BATCHELDER, Chief Judge; COOK and O'MALLEY, Circuit Judges.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** C. Mark Pickrell, THE PICKRELL LAW GROUP, P.C., Nashville, Tennessee, for Appellant. Dan L. Newsom, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

**OPINION**

_____

O'MALLEY, Circuit Judge. Petitioner-Appellant Ronnie Travis Ray ("Ray"), through counsel, appeals from the district court's order denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Although Ray requested oral argument, this panel unanimously agrees that argument is not necessary in this case. Fed. R. App. P. 34(a). Because the district court properly dismissed Ray's Fourth and Sixth Amendment

_____

[*]The Honorable Kathleen M. O'Malley, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

1

claims, and did not abuse its discretion in entering judgment without an evidentiary hearing, we AFFIRM.

## I. BACKGROUND

In January 2004, Ray was indicted on five counts of conduct involving child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1), and 2252(a)(4)(B). A jury convicted Ray on all counts on October 14, 2004, and he was sentenced to concurrent prison terms of 180 months on Count 1, 300 months on Count 2, and 600 months on Counts 3, 4, and 5. On appeal, this Court affirmed the convictions on all five counts, but vacated the sentence and remanded, finding that the district court failed to explain adequately its upward departure from the recommended sentencing guideline range. *United States v. Ray*, 189 F. App'x 436, 449-50 (6th Cir. 2006). In that decision, we noted that the evidence of Ray's guilt was "overwhelming." *Id*. at 444 ("Here, there was overwhelming evidence that Ray induced minors into engaging in sexually explicit conduct, that he took photographs of the minors in question, and that he transported those photographs across state lines via e-mail."). On remand, Ray was sentenced to concurrent terms of 180 months on Count 1, 300 months on Count 2, and 360 months on Counts 3, 4, and 5. This Court affirmed that sentence. *United States v. Ray*, No. 07-5673 (6th Cir. June 6, 2008).

In his pro se motion to vacate his sentence, Ray argued, among other things, that: (1) there was an illegal search and seizure in violation of the Fourth Amendment; and (2) trial counsel rendered ineffective assistance in violation of the Sixth Amendment.[1] In his Fourth Amendment claim—which was raised for the first time in his § 2255 motion—Ray asserts that the person who consented to the search of his home, Deborah Moore, lacked authority to do so.

The district court denied Ray's § 2255 motion on November 2, 2011 without a hearing, finding no grounds upon which to grant him a certificate of appealability. In

---

[1]Ray also argued that: (1) witnesses at trial committed perjury; and (2) the government engaged in prosecutorial misconduct. Neither claim is raised in this appeal.

relevant part, the district court found that: (1) Fourth Amendment issues ordinarily are not cognizable in a § 2255 motion; (2) the evidence adduced at trial revealed that Moore had, at a minimum, apparent authority to consent to the search; and (3) Ray failed to show that his counsel was ineffective.  On October 11, 2012, this Court granted Ray a certificate of appealability on all issues presented in Ray's motion to vacate and appointed counsel to represent him.

## II. DISCUSSION

On appeal, Ray identifies three issues for review: (1) whether the district court erred by failing to grant an evidentiary hearing on the Fourth and Sixth Amendment issues raised in his § 2255 petition; (2) whether the search of his home was "objectively unreasonable" under the Fourth Amendment; and (3) whether defense counsel was ineffective.  Although he identifies three issues, Ray's argument focuses solely on the question of whether the district court abused its discretion in dismissing his § 2255 motion without conducting an evidentiary hearing.  According to Ray, a hearing is necessary to determine: (1) whether Moore had authority to consent to the search of his home; and (2) whether defense counsel should have moved to suppress the evidence gathered during the searches of his home.

We review the district court's denial of an evidentiary hearing for an abuse of discretion.  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard."  *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368-69 (6th Cir. 2007).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'"  *Valentine*, 488 F.3d at 333 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).  A hearing is not necessary, however, when a petitioner's claims "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'"  *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Where, as here, the judge considering the § 2255 motion also presided over

the trial, the judge may rely on her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). On appeal, Ray does not assert that he is actually innocent of the crimes for which he was convicted, but argues that his counsel's ineffectiveness excuses his failure to assert his Fourth Amendment claim before these proceedings.

In rejecting Ray's Fourth Amendment claim, the district court cited *Stone v. Powell*, 428 U.S. 465 (1976) for the proposition that Fourth Amendment issues are typically not cognizable under § 2255 because they can be raised at trial and on direct appeal. Some courts have found that *Stone*—which dealt with the ability of state prisoners to raise Fourth Amendment issues in § 2254 habeas proceedings—does not apply to § 2255 proceedings. *See Baranski v. United States*, 515 F.3d 857, 860 (8th Cir. 2008) ("We conclude that *Stone* does not bar our consideration of the issue certified by the district court, that is whether *Groh v. Ramirez* would entitle Baranski to prevail on his § 2255 motion."). Other courts have found that it does. *See Brock v. United States*, 573 F.3d 497, 500 (7th Cir. 2009) ("This Court has determined that the principles of *Stone* apply equally to § 2255 motions."); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993) ("Today, we join the Ninth Circuit and hold that Fourth Amendment violations are not reviewable in a 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal.").

In two unpublished decisions, this Court has found that *Stone* applies when federal prisoners seek to raise Fourth Amendment claims by way of motions filed under

§ 2255. *See Boone v. United States*, No. 96-1398, 1996 U.S. App. LEXIS 28325, at *7 (6th Cir. Oct. 29, 1996) (citing *Stone* and concluding that "Boone's Fourth Amendment claim is not cognizable on collateral review"); *Richardson v. United States*, No. 93-6193, 1994 U.S. App. LEXIS 11560, at *4 (6th Cir. May 16, 1994) ("Richardson may not challenge the search warrant in a § 2255 motion because such a challenge could have been addressed in a direct appeal."). We agree.

As the Supreme Court has explained, the Fourth Amendment exclusionary rule "is a judicially created remedy rather than a personal constitutional right" whose purpose is "to safeguard Fourth Amendment rights generally through its deterrent effect." *Kimmelman v. Morrison*, 477 U.S. 365, 376 (1986) (citations and quotations omitted). It is, thus, a structural remedy designed to exclude evidence so as to deter police misconduct, not to "redress the injury to the privacy of the victim of the search or seizure." *Stone*, 428 U.S. at 486 (citation omitted). Given its character, the Supreme Court has concluded that consideration of the exclusionary rule has "minimal utility . . . when sought to be applied to Fourth Amendment claims in a habeas corpus proceeding." *Id.* at 495 n.37. For these reasons, the Court in *Stone* concluded "that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. We see no reasoned basis to distinguish between § 2254 and § 2255 when applying the Supreme Court's holding in *Stone*. Accordingly, Ray's Fourth Amendment claim was properly denied under *Stone* because he had an opportunity for full and fair litigation of this claim at trial and on direct appeal.

Though free-standing Fourth Amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255, the merits of a Fourth Amendment claim still must be assessed when a claim of ineffective assistance of counsel is founded on incompetent representation with respect to a Fourth Amendment issue. *See Kimmelman,* 477 U.S. at 382-83 ("[W]e reject petitioners' argument that *Stone*'s restriction on federal habeas review of Fourth Amendment claims should be extended to Sixth Amendment

ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue."). In such instances, *Stone* neither bars consideration of, nor justifies a failure to consider, the merits of a petitioner's Fourth Amendment claim. Because Ray argues that his counsel rendered ineffective assistance by not filing a motion to suppress evidence gathered from his home during the warrantless search, *Stone* does not end the analysis on Ray's petition.

To prevail on an ineffective assistance of counsel claim, a defendant must show that: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where defense counsel's "failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375.

Despite its initial reliance on the rule in *Stone*, the district court did carefully consider the merits of Ray's Fourth Amendment claim. First, the court detailed the undisputed evidence of record showing that Moore had authority to consent to the search of Ray's apartment. At trial, Moore testified that she moved into Ray's apartment in September 2003 to help take care of Ray's two minor children. She further testified that she stayed in the apartment while Ray took his kids to Colorado in December 2003, and when Ray took a second trip to Colorado around January 8, 2004. On January 11, 2004, while she was at Ray's apartment, Moore received a visit from Memphis police officers who told her they had reason to believe there was child pornography present. The officers sought and obtained Moore's consent to search the apartment. A few days later, while Moore was at her parents' home in Brighton, Tennessee, the FBI asked her to come to Ray's apartment so they could search it. Moore testified that she cooperated with the FBI agents and again voluntarily consented to the search.

Given this testimony, the district court concluded that, if Moore was living at Ray's apartment on January 11, 2004, she had actual authority to consent to the search.

*United States v. Matlock*, 415 U.S. 164, 170 (1974) (noting that "the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared"). The court further found that, even if Moore lacked common authority over Ray's apartment, a police officer could reasonably believe that she had such authority. *United States v. Penney*, 576 F.3d 297, 307 (6th Cir. 2009) ("Even if a co-occupant in fact lacks common authority over the premises, a search conducted pursuant to his or her consent will not violate Fourth Amendment guarantees if the police reasonably believed that the co-occupant had such authority.").

The evidence of record, including Ray's own testimony that Moore did not need to vacate his apartment until January 27 or 28, 2004—which was after the January 11 and January 15 consent searches took place—supports the district court's conclusion that Moore had, at a minimum, apparent authority to consent to the search. As the district court noted, moreover, Ray has not identified any specific evidence his attorney failed to present that would have been reasonably likely to lead the court to grant a motion to suppress. Because Ray has not demonstrated that his Fourth Amendment claim has merit, his underlying ineffective assistance of counsel claim fails. *See Kimmelman*, 477 U.S. at 375.[2]

Upon review, we find that the district court's detailed recitation of the evidence in its decision denying Ray's § 2255 motion supports the conclusion that the record was sufficient to resolve this issue without the need for additional evidence. Importantly, the same district court judge considering Ray's § 2255 motion presided over his criminal trial. The judge observed the testimony of all witnesses, including Moore and Ray, and could rely on her own recollections of the proceedings. Because the record contained sufficient evidence to contradict Ray's claims and conclusively shows that Ray was not

---

[2]Because we find nothing to indicate that a motion to suppress would have been granted if filed, we need not address the prejudice prong of Ray's Sixth Amendment claim. We note, however, that this Court's earlier characterization of the evidence against Ray as "overwhelming" makes a finding of sufficient prejudice questionable. *See Ray*, 189 F. App'x at 444.

entitled to relief, the district court did not abuse its discretion in deciding not to conduct an evidentiary hearing.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Ray's § 2255 motion to vacate.