NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0574n.06
Case Nos. 15-3900, 15-3901

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 10, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| LANCE K. POULSEN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

BEFORE: KEITH, McKEAGUE, and STRANCH, Circuit Judges.

DAMON J. KEITH, Circuit Judge. This consolidated appeal arises from the convictions of Appellant Lance K. Poulsen (hereinafter "Poulsen" or "Appellant") in the United States District Court for the Southern District of Ohio in two separate cases involving securities fraud[1] and obstruction of justice.[2] Poulsen now challenges the district court's dismissal of his motions to vacate his convictions pursuant to 28 U.S.C. § 2255, the dismissal of his constitutional claims

---

[1] In the securities fraud case, Poulsen was found guilty of: (1) conspiracy, in violation of 18 U.S.C. § 371; (2) six counts of securities fraud, in violation of 15 U.S.C. §§ 77q(a), 77x; (3) wire fraud, in violation of 18 U.S.C. § 1343; (4) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956; and (5) three counts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), after entering a plea of not guilty to all counts of the superseding indictment.

[2] In the obstruction of justice case, Poulsen was found guilty of: (1) conspiracy, in violation of 18 U.S.C. § 371; (2) witness tampering, in violation of 18 U.S.C. § 1512(b)(2)(A); (3) witness tampering by influencing testimony, in violation of 18 U.S.C. § 1512(b)(1) and (4) obstruction of justice, in violation of 18 U.S.C. § 1503(a), after entering a plea of not guilty to all counts of the second superseding indictment.

of prosecutorial misconduct due to procedural default, and the denial of his request for discovery and an evidentiary hearing on his claim of ineffective assistance of counsel. Upon review of the district court's decision, we affirm.

## I.

On May 19, 2006, a grand jury returned a sixty-count indictment charging Poulsen and six co-conspirators with fraudulent activity arising from their involvement with National Century Financial Enterprises ("NCFE"), a large healthcare finance company. Poulsen co-founded NCFE in 1990 and later served as the entity's president, chairman, and chief executive officer. A detailed account of the fraudulent scheme underlying Poulsen's convictions can be found in this court's opinion issued on direct appeal. *See United States v. Poulsen*, 655 F.3d 492 (6th Cir. 2011). The pertinent procedural background is as follows.

After the return of the sixty-count indictment, arrest warrants were issued for the defendants and Poulsen was arrested on May 22, 2006. Poulsen retained attorney Thomas Tyack ("Tyack") to represent him in the securities fraud case. A grand jury subsequently returned a second indictment charging Poulsen and a co-defendant with obstruction of justice and witness tampering. Following the return of the indictment for obstruction, the district court granted Tyack's motion to withdraw as counsel for Poulsen, and Peter Anderson and William Terpening were retained as counsel in Tyack's stead. On July 10, 2007, a grand jury returned the operative superseding indictment in the securities fraud case, which also added a seventh co-defendant. Prior to trial in the securities case, Poulsen moved to sever his case from those of his co-defendants to allow his newly-retained counsel sufficient time to prepare for trial. Poulsen's

motion was granted and a trial date was set for August 4, 2008.[3]  In the interim, Poulsen was tried and convicted in the related obstruction case and sentenced to 120 months of incarceration.

After resolution of pre-trial motions, the securities fraud trial began in October of 2008.  At the close of the government's evidence, Poulsen moved for judgment of acquittal on all counts of the superseding indictment.  The district court denied the motion.  Defense counsel proceeded with its presentation of evidence, which included Poulsen's testimony.  At the close of all of the evidence, the district court denied Poulsen's renewed motion for judgment of acquittal.  On October 31, 2008, a jury found Poulsen guilty on all counts.  Poulsen, through counsel, filed a post-trial motion for acquittal or a new trial alleging insufficiency of the government's evidence.  The district court denied the motion, finding that, with respect to the money laundering counts:

> The evidence also supports a conclusion that *the transaction was designed to disguise the nature, location, source, ownership or control of the proceeds.*  Even though the June 5, 2001 wires to HCCA/HMA and its affiliates were unsupported by any accounts receivable purchases, a normal receivables purchase report was prepared for the wires.  A receivables purchase report[] was supposed to represent funding sent out in exchange for the purchase of eligible accounts receivable. Accordingly, the use of the purchase report also served to hide the fact that the wires were actually pure conversion of investor funds to satisfy the debts of a third-party company in which Poulsen had a financial stake.  Therefore, the Court finds that Poulsen's money laundering conviction was based on sufficient evidence and was not against the manifest weight of the evidence.

In March of 2009, Poulsen was sentenced to 360 months of incarceration, to run concurrently with the sentence imposed in the obstruction case, followed by three years of supervised release and restitution in the amount of over two billion dollars.  Poulsen timely appealed.

On appeal, Poulsen argued that, in the obstruction case, the district court erred in: (1) declining to provide the jury an entrapment instruction; (2) denying his motion to suppress wiretap evidence; and (3) allowing into evidence the amount of loss for consideration at

---

[3] Poulsen later moved to continue the trial to a later date through a written motion, which the district court denied. Subsequently, Poulsen requested a continuance once more, and the district court granted Poulsen a two-month continuance.

sentencing. *See Poulsen*, 655 F.3d at 498. He further argued, in relation to the securities fraud case, the district court: (1) erred in denying his motion to transfer venue; (2) improperly admitted evidence from the obstruction case; (3) erred in allowing into evidence the amount of loss without also admitting evidence of other causes of that loss; and (4) erred in imposing a sentence that was procedurally and substantively unreasonable. *See id*. We affirmed the district court's decision with respect to all of Poulsen's claims. *Id*.

In 2010 and 2011, this court reviewed the money laundering convictions of Poulsen's co-defendants on direct appeal, on the contention that the Supreme Court's decision in *Cuellar v. United States*, 553 U.S. 550 (2008) rendered reversal appropriate. In *Cuellar*, the Court distinguished the interpretation of "design," which would require "proof that the purpose—not merely effect—of the trans[action] was to conceal or disguise a listed attribute," from the interpretation applied by the Fifth Circuit, which would allow the government to satisfy its burden by showing that concealment or disguise was used to structure or facilitate an alternate unlawful purpose. *Id.* at 565-67. Finding that *Cuellar* established a heightened mens rea requirement, this court reversed the convictions of Poulsen's co-defendants on the ground that the government failed to proffer sufficient evidence that "concealment" was also a purpose for conducting the fraudulent transaction, rather than just the mechanism utilized to accomplish the offense. *See, e.g.*, *United States v. Faulkenberry*, 614 F.3d 573, 585-88 (6th Cir. 2010); *United States v. Ayers*, 386 F. App'x 558, 560, 564-66 (6th Cir. 2010); *United States v. Dierker*, 417 F. App'x 515, 516, 521-22 (6th Cir. 2011); *United States v. Speer*, 419 F. App'x 562, 563, 569-70 (6th Cir. 2011).

In 2013, Poulsen filed motions to vacate his convictions in both the securities and obstruction cases, pursuant to 28 U.S.C. § 2255. In the securities case, Poulsen argued that in light of the

Supreme Court's decision in *Cuellar*, his convictions for money laundering should also be reversed because they were based on an erroneous interpretation of the mens rea element of the offense and violated due process. Next, he alleged ineffective assistance of counsel for his counsel's failure to raise a *Cuellar*-based defense. Last, Poulsen argued that Tyack's withdrawal deprived him of his choice of counsel in violation of the Sixth Amendment and contended that the government engaged in prosecutorial misconduct in violation of the Due Process Clause.[4] Poulsen also filed a motion for partial summary judgment to vacate his conviction for money laundering and a motion for discovery. The district court, at the recommendation of a magistrate judge, denied the summary judgment motion and request for discovery and an evidentiary hearing.

Subsequently, the court adopted the recommendation of a magistrate judge to deny Poulsen's § 2255 motions. Poulsen's objections to the magistrate judge's recommendations were overruled. The district court found that Poulsen's counsel did raise the substantive issue addressed in *Cuellar*—that the government failed to demonstrate the requisite showing to satisfy the mens rea element of the offense—in the post-trial motion for acquittal or a new trial, and ultimately concluded that Poulsen's claim of ineffective assistance of counsel was meritless because, even post-*Cuellar*, the government's evidence was sufficient to sustain Poulsen's convictions.[5] Further, the district court found that Poulsen failed to show "good cause" for his request for discovery. Last, the district court found that Poulsen was not entitled to an

---

[4] Poulsen's motion to vacate in the obstruction case was premised on the same contentions alleged in the § 2255 motion relating to the securities fraud case.

[5] Defense counsel argued in Poulsen's motion for judgment of acquittal or a new trial, that: "[t]he evidence was [] insufficient to show that Mr. Poulsen knew that the funds were proceeds of unlawful activity or deliberately attempted to disguise the source of any funds transferred, because Mr. Poulsen clearly believed he was operating within the parameters of the governing documents."

evidentiary hearing where it was clear from the motion and evidentiary record that he was not entitled to relief.

## II.

Poulsen first contends that the district court erred in denying his claims of ineffective assistance of counsel. This court reviews claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255, which raise a mixed question of law and fact, de novo. *See United States v. Allen*, 254 F. App'x 475, 477 (6th Cir. 2007); *Strickland v. Washington*, 466 U.S. 668, 698 (1984). The Supreme Court in *Strickland* developed a two-prong analysis, which requires the court to consider both the alleged deficient performance and any prejudicial effect that performance has on the outcome of the proceedings. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (citing *Strickland*, 466 U.S. at 687). In order to demonstrate that relief from a criminal conviction is warranted, a defendant must show counsel's performance was "professionally unreasonable," *Strickland*, 466 U.S. at 691, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In addition, "a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

Second, Poulsen challenges the district court's dismissal of his prosecutorial misconduct claims for procedural default. We review the district court's conclusion that a petitioner's habeas claim is procedurally defaulted de novo. *See Leberry v. Howerton*, 583 F. App'x 497, 499 (6th Cir. 2014), *as amended on denial of reh'g* (Nov. 6, 2014) (citations omitted). When a defendant fails to raise an issue at trial or on direct appeal, that issue is generally waived. *See Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013). A claim that would otherwise be

waived may be raised through a collateral attack under § 2255 if a defendant "can demonstrate cause and prejudice to excuse his default." *Id*. at 606. "Ineffective assistance of counsel can constitute cause for a procedural default." *Id*.

Last, Poulsen contends that he was entitled to conduct discovery and proceed with an evidentiary hearing, and the district court's denial of his requests to do so was an abuse of the court's discretion. Pursuant to § 2255, "a district court may authorize a movant to conduct discovery upon a showing of good cause"—establishing through "specific allegations" that there is "reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012).

A court's denial of an evidentiary hearing is reviewed for abuse of discretion. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is mandatory "unless the record conclusively shows that the petitioner is entitled to no relief." *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (internal quotations and citations omitted). However, a hearing need not be conducted "when a petitioner's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact." *Ray*, 721 F.3d at 761 (internal quotation and citations omitted).

On September 8, 2015, the district court granted Poulsen's certificate of appealability ("COA") on the issues of (1) whether Poulsen was denied effective assistance of counsel; and (2) whether the district court erred in denying his claims as procedurally defaulted. This court expanded the COA to include: (3) whether the district court erred in denying his request for discovery and an evidentiary hearing on his claim of ineffective assistance of counsel. We address each of Poulsen's claims in turn.

**III.**

**A.**

Poulsen's claim of ineffective assistance of counsel stems from the failure of his newly-retained counsel to raise a defense to his money laundering convictions based on the Supreme Court's decision in *Cuellar*, decided four months before Poulsen's securities fraud trial began. The district court adopted the recommendation of a magistrate judge, which distinguished, at length, the facts alleged against Poulsen and those underlying the convictions in *Cuellar*, and Poulsen's co-defendants' cases, and concluded that the evidence presented against Poulsen was sufficient to establish the designed-to-conceal element of the money laundering offense. In other words, the magistrate judge found that the addition of *Cuellar* to Poulsen's defense would not have affected the outcome of the proceedings because the government presented sufficient evidence to satisfy the mens rea interpretation articulated in *Cuellar*. As a result, the magistrate judge found that counsel's omission of a direct reference to *Cuellar* was reasonable. Subsequently, the district court adopted the recommendation, stating that the court ". . . was unpersuaded that . . . the prosecution would have abandoned the money laundering-related charges asserted against Petitioner if only his attorneys had expressly referred to *Cuellar*," or that the convictions would have been reversed on appeal.

Moreover, the district court found that Poulsen's counsel had, in fact, raised the substantive issue addressed in *Cuellar* in its motion for judgment of acquittal and for a new trial, although not by way of direct reference. Accordingly, the court denied Poulsen's motions to vacate for ineffective assistance of counsel, concluding that Poulsen failed to establish either the deficiency prong or the prejudice prong of the *Strickland* standard.

**i.**

To establish ineffective assistance of counsel, Poulsen must satisfy *Strickland's* two-prong analysis: the performance prong, which requires a petitioner "to show that h[is] attorney's representation fell below an objective standard of reasonableness" and "the prejudice prong, which requires the petitioner to demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Ballard v. United States*, 400 F.3d 404, 407 (6th Cir. 2005). Deficient performance is determined by "an objective standard of reasonableness." *United States v. Arny*, 831 F.3d 725, 731 (6th Cir. 2016). The reviewing court begins its consideration of the reasonableness of counsel's performance with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). Working from this presumption, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Here, the error alleged is counsel's failure to specifically argue that the government's evidence was insufficient post-*Cuellar*. Poulsen contends this omission was objectively unreasonable, particularly where the inclusion of a *Cuellar*-based argument effectuated the vacatur of his co-defendants' convictions. While the success of Poulsen's co-defendants may be relevant, placing too much emphasis on it would be tantamount to engaging in the precise reliance on hindsight that the Court advised against in *Strickland*. We conclude, in accordance

with the district court's finding, that counsel's performance, notwithstanding the omission of a *Cuellar*-based defense, was within the "wide range of reasonable professional assistance." *Id.*

Poulsen also asserts that counsel's failure to raise *Cuellar* demonstrates that counsel did not thoroughly assess the state of the relevant case law at the time of Poulsen's trial, rendering performance deficient. Contrary to the district court's determination regarding counsel's awareness of the Supreme Court's decision in *Cuellar*, we find that the record—most notably, the filing of Supplemental Authority on appeal—supports the inference that Poulsen's counsel did not become aware of *Cuellar* until the convictions of Poulsen's co-defendants were vacated. Nevertheless, we find that counsel's awareness of *Cuellar* at trial is not dispositive of the reasonableness of counsel's performance and affirm the district court's determination regarding deficient performance. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994) (affirming on different grounds than those relied on by the district court).

In support of his contention, Poulsen directs the court's attention to the result in *Ballard*, 400 F.3d at 409, where we found that, collectively, appellate counsel's failure to raise an *Apprendi* or *Dale* defense, failure to thoroughly review the trial transcripts, and failure to utilize the appellate briefs of his co-defendant constituted deficient performance. In *Hicks*, however, we recognized that an assessment of reasonableness also includes a consideration of the strength of the legal argument omitted. *See Hicks v. United States*, 258 F. App'x 850, 852-54 (6th Cir. 2007). "[I]t can hardly be doubted that defense lawyers have a constitutional obligation to investigate and understand the law. . . ." *Joseph v. Coyle*, 469 F.3d 441, 460 (6th Cir. 2006) (emphasis omitted). However, as the district court held, where Poulsen's conviction did not violate the newly articulated interpretation in *Cuellar*, counsel's failure to raise it did not render counsel's performance deficient. This analysis is also supported by the Eleventh Circuit's decision in

*Magluta v. United States*, 660 F. App'x 803 (11th Cir. 2016). Analyzing the exact issue raised

before us on appeal, the Eleventh Circuit concluded that:

> the [defendant's] attorney did not render deficient representation by failing to raise a *Cuellar* argument given that any such argument would have been futile in light of the evidence adduced at trial, as set out above. Thus, [the defendant's] lawyer's performance did not fall below objectively reasonable standards. . . Moreover, because a *Cuellar*-based argument would have failed, [the defendant] has not carried his burden to show prejudice.

*Magluta*, 660 F. App'x at 809.

We find that the alleged error at issue is also distinguishable from *Joseph*, cited by Poulsen in

support of his deficient performance argument. Unlike counsel's omission in this case, the court

in *Joseph* concluded, where trial counsel failed to comprehend "perhaps the most basic aspect of

representing a capital defendant," and failed to conduct "minimal case research," among other

shortcomings, counsel's performance fell below both the objective standard of reasonableness

and the standard of performance articulated in the ABA Guidelines for performance of counsel in

death penalty cases. *Joseph*, 469 F.3d at 460–61. As it pertains to Poulsen, the record does not

support a finding that counsel's performance came anywhere close to the deficiency of

performance rendered in *Joseph*, where counsel "failed to achieve a rudimentary understanding

of the well-settled law," *id*., 469 F.3d at 460 (citation omitted), and failed to obtain a basic

understanding of the offense for which a defendant, on death row, was convicted. At the time of

trial, *Cuellar* was not well-established case law in this Circuit, at least with respect to the

transaction provision of the money laundering statute. Therefore, the omission of a *Cuellar*-

based argument does not indicate that Poulsen's counsel lacked the requisite understanding of

the money laundering offense to render effective assistance. *See O'Hara*, 24 F.3d at 828 ("[T]he

standard to which an attorney is held is not that of the most astute counsel, but rather that of

'reasonably effective assistance.'").

Once Poulsen's counsel became aware that *Cuellar* had been successfully argued by Poulsen's co-defendants' counsel, a *Cuellar*-based argument was raised immediately in a supplemental filing. Upon consideration of the merits of the *Cuellar* argument by the magistrate judge, the district court found that Poulsen's conviction did not run afoul of *Cuellar*. Thus, as we determined in *Hicks*, and the Eleventh Circuit concluded in *Magluta*, after assessing the strength of defense counsel's *Cuellar* argument, the district court found that the omission of *Cuellar* did not render counsel's performance deficient because the convictions did not violate *Cuellar*'s new interpretation of the mens rea element of the money laundering offense. On the unique facts of this case, the record reflects that Poulsen's counsel presented an objectively reasonable defense to the money laundering offense, notwithstanding counsel's omitted citation to *Cuellar*. *See Strickland*, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case."). Accordingly, upon a narrow and factually intensive review of the performance rendered by trial counsel, we are not persuaded that counsel's omission of *Cuellar* was an error "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

**ii.**

Prejudice under *Strickland* requires a showing of "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014).

Upon review of the lower court's decision, we notice that the district court did not expressly address whether Poulsen demonstrated a "reasonable probability" that, had counsel raised *Cuellar* at trial, the jury would have had a reasonable doubt regarding Poulsen's guilt and the

outcome of the proceedings would have been different. *See Strickland*, 466 U.S. at 695. The district court found, notwithstanding the mens rea requirement articulated by the Court decision in *Cuellar*, that the evidence was sufficient to sustain Poulsen's conviction for money laundering. However, the pertinent question with respect to a determination of prejudice is not one of sufficiency. The prejudice prong of *Strickland* requires a judicial assessment of the fairness of the proceedings under the Sixth Amendment. *Walker v. Hoffner*, 534 F. App'x 406, 412 (6th Cir. 2013) ("[T]he standard has always been concerned with the probability of a different result based on the fairness of the proceeding."). The words "reasonable probability" are absent from the district court's articulation of the *Strickland* standard and its analysis of Poulsen's claims, and as a result, we are unable to clearly discern from the record whether the district court applied the appropriate prejudice analysis.

Nevertheless, our review in this case is de novo and we have similarly determined that Poulsen has failed to rebut the presumption that his counsel's performance was objectively reasonable. Accordingly, we need not decide the prejudice prong on appellate review nor remand for further clarification because Poulsen cannot satisfy the first prong of *Strickland*. The district court's determination that Poulsen failed to satisfy the *Strickland* test for ineffective assistance of counsel is affirmed.

**B.**

Next, Poulsen challenges the district court's finding that his constitutional claims of prosecutorial misconduct were barred by procedural default. Generally, the procedural default doctrine provides "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In order to demonstrate cause and prejudice to excuse default, a

prisoner must ordinarily "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

On appeal, Poulsen claims that the government's misconduct and interference with the proceeding caused the default of his Fifth and Sixth Amendment claims alleging prosecutorial interference with his due process right to a fair criminal proceeding and his right to counsel of his choice. Accordingly, we must first determine whether the alleged prosecutorial misconduct constitutes "cause and prejudice" to justify the procedural default.

Poulsen cites *Murray* for the proposition that "interference by officials" is one way the Court provided for petitioners to demonstrate cause and prejudice to justify a procedural default. *Id.* Poulsen argues the "government['s] action involving alleged misconduct and interference" and "overall pattern of suspect win-at-all costs pre-trial and trial tactics" was the cause and prejudice for counsel's failure to timely raise his constitutional claims. Under this logic, the court must infer that the alleged misconduct has been an existing fixture in this case since the pre-trial stage of the proceedings, allowing Poulsen's counsel ample time to assess the cumulative actions of the government and their effects in sufficient time to present any claim of misconduct by direct appeal. Poulsen contends, but cites no legal authority in support of his contention that "interference by officials" or prosecutorial misconduct can be analogized to the inherent cause and prejudice associated with a claim of ineffective assistance of trial counsel.[6] Thus, where Poulsen has failed to demonstrate the requisite cause or prejudice excusing the default, we affirm the district court's finding that Poulsen's constitutional claims were procedurally defaulted.

---

[6] We see no conflict between the district court's determination that Poulsen's counsel "knew" of the alleged misconduct at the time of trial and was required to raise any claim of misconduct by direct appeal, and the Court's holding in *Massaro*, which speaks with particularity to the unique qualities of a claim of ineffective assistance of counsel.

**C.**

This court granted an expansion of the district court's certificate of appealability to include the question of whether Poulsen was improperly denied discovery and an evidentiary hearing with respect only to "his ineffective-assistance-of-counsel claim." We will limit our review accordingly.

Courts have the discretion to grant discovery in collateral challenges upon a showing of "good cause" under Rule 6 of the Rules Governing 28 U.S.C. § 2255 cases. *See Cornell*, 472 F. App'x at 354. "Good cause is established where specific allegations show reason to believe that the movant may, if the facts are fully developed, be able to demonstrate entitlement to relief." *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)) (internal quotations omitted).

As the government suggests in its brief, we are unable to locate in the record any indication that a request for discovery or an evidentiary hearing was ever explicitly made by Poulsen with respect to his ineffective assistance of counsel claim. However, assuming that Poulsen's general request for discovery and an evidentiary hearing encompassed his ineffective assistance claim, he has still failed to demonstrate the requisite "good cause."

Poulsen alleges that "numerous factual questions" remain concerning his claim of ineffective assistance of counsel based on counsel's failure to raise a *Cuellar*-based defense. However, Poulsen fails to specifically allege what facts would enable him to demonstrate that he is entitled to relief, if he was permitted to conduct discovery. Besides counsel's subjective awareness of *Cuellar*, which we have already determined is not dispositive of the reasonableness of counsel's performance, the court knows of no other fact that would be revealed through discovery, to support Poulsen's allegation that counsel's omission of *Cuellar* constituted deficient performance. Poulsen is correct in his assertion that he does not carry the burden to

demonstrate what specific evidence might be obtained through discovery; however, he must demonstrate that there is reason to believe that, if the facts were fully developed through discovery, he would be entitled to relief. Because the failure to raise *Cuellar* did not render counsel's performance deficient, Poulsen cannot show, even if the facts were fully developed through discovery, that his counsel was ineffective. Therefore, the trial court did not abuse its discretion by denying discovery with respect to the ineffective assistance claim.

Although we apply a different standard of review to the district court's denial of an evidentiary hearing, the outcome of our review of the district court's denial of an evidentiary hearing is the same. We find no abuse of discretion. *See Pola*, 778 F.3d at 532 ("The evidentiary hearing is mandatory unless "the record conclusively shows that the petitioner is entitled to no relief." (internal citations and quotations omitted)); *id.* at 534 (petitioner was entitled to a hearing where "there is a *material* factual disagreement that could be resolved at an evidentiary hearing.") (emphasis added). Here, Poulsen's allegations are insufficient to convince us that, even on a fully developed factual record, he would be able to prove *Strickland's* deficient performance prong. As a result, we find conclusively, on this record, that Poulsen is not entitled to the relief sought in his §2255 motions alleging ineffective assistance of counsel. Accordingly, we affirm the district court's denial of an evidentiary hearing.

## IV.

For the reasons set forth in this opinion, the district court's judgment is affirmed.